O

# United States District Court
# Central District of California

| | |
|---|---|
| ANTONIO FERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>NARINDER SINGH GOLEN;<br>SAMARINDER SINGH, et al.<br><br>        Defendants. | Case No. 5:19-cv-01086-ODW (SHKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [23]** |

## I. INTRODUCTION

Plaintiff Antonio Fernandez moves for entry of default judgment ("Motion") against Defendants Narinder Singh Golen ("Singh Golen") and Samarinder Singh ("Singh") for violations of the Americans with Disabilities Act ("ADA"). (*See generally* Appl. for Default J. ("Mot."), ECF No. 23.) For the reasons discussed below, the Court **GRANTS** Fernandez's Motion for Default Judgment.[1]

## II. FACTUAL BACKGROUND

Fernandez alleges the following facts. Fernandez is paralyzed from the waist down and uses a wheelchair for mobility. (Compl. ¶ 1, ECF No. 1.) Defendants Singh Golen and Singh own the real property located at 17294 Valley Blvd. in Fontana,

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

California. (Compl. ¶¶ 2–3; Mot. 1.) On May 23, 2019, Fernandez went to the property to shop at San Miguel Meat Market (the "Store"). (Compl. ¶ 8; Mot. 1.) Once there, he needed to use the public restroom. (Mot. 1.) However, Fernandez found that his "wheelchair could not get to the door and certainly could not turn to enter the restroom." (Mot. 1.) Specifically, he alleges that the path to the public restroom was impeded and blocked by arcade games. (Mot. 1; Compl. ¶ 11.)

On June 5, 2019, an investigator with the Center for Disability Access ("CDA") visited the Store and found that "the hallway leading to the public restroom had arcade games for customers to play located in that hallway." (Mot. 2.) The investigator noted that the available path of travel measured between 24 and 25 inches in width at the final arcade game. (Mot. 2.) At bottom, Fernandez alleges that "[D]efendants do not provide accessible paths of travel in conformance with the ADA Standards" and that the arcade games are easily removable. (Compl. ¶¶ 12, 17.) Although he is currently deterred from returning to the Store, Fernandez claims he is in the geographical area on a constant and on-going basis and will return to the Store once it is ADA compliant. (Compl. ¶ 18; Mot. 2.)

On June 13, 2019, Fernandez initiated this action against Singh Golen and Singh asserting two causes of action, for violation of the ADA and the California Unruh Civil Rights Act ("Unruh"). (Compl. ¶¶ 20–30.) On September 30, 2019, the Court declined to exercise supplemental jurisdiction over Fernandez's Unruh claim and dismissed that claim without prejudice. (Min. Order 9, ECF No. 17.) On Fernandez's request, the Clerk entered default against Singh on August 1, 2019, and against Singh Golen on December 9, 2019. (Default by Clerk, ECF Nos. 13, 21; Mot. 1.) Fernandez now moves for entry of default judgment and an award of attorneys' fees and costs.[2] (*See* Mot.)

---

[2] Fernandez seeks default judgment as to both his ADA and Unruh claims; however, default judgment is unavailable as to the Unruh claim because the Court dismissed that claim. Accordingly, the Court considers whether default judgment is appropriate only as to the ADA claim.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established and the factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

Fernandez satisfies the procedural requirements and the *Eitel* factors weigh in favor of granting default judgment. However, the Court finds that the requested award of attorney's fees is excessive and reduces the award accordingly.

### A. Procedural Requirements

Fernandez's counsel asserts: (1) the Clerk entered default against Singh Golen and Singh (2) on the Complaint that Fernandez filed on June 13, 2019; (3) that Singh Golen and Singh are not infants or incompetent persons; and (4) Singh Golen and Singh are not covered by the Servicemembers Civil Relief Act. (Decl. of Russell Handy ("Handy Decl.") ¶¶ 2, 5–6, ECF No. 23-3.) Additionally, although notice of the Motion under Rule 55(b)(2) was not necessary because neither Singh Golen nor Singh have appeared, Fernandez nonetheless served notice of the Motion via United States mail. (Handy Decl. ¶ 6.) Therefore, Fernandez satisfies the procedural requirements of FRCP 54(c) and 55, as well as Local Rule 55-1.

### B. *Eitel* Factors

Once a plaintiff satisfies the procedural requirements, a district court must consider the *Eitel* factors in exercising its discretion to enter default judgment. The Court finds that the factors favor granting entry of default judgment against Singh Golen and Singh as to Fernandez's ADA claim.

#### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse for recovery. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing *PepsiCo*, 238 F. Supp. 2d at 1177). Singh Golen and Singh failed to appear or participate in this action. Absent entry of default judgment, Fernandez is without recourse to recover. Accordingly, this factor weighs in favor of default judgment.

*2. Substantive Merits & 3. Sufficiency of the Complaint*

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). To weigh these two factors, the Court must evaluate the merits of Fernandez's ADA claim.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011). As relevant here, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Therefore, to succeed on his ADA claim, Fernandez must demonstrate that he is (1) "disabled within the meaning of the ADA"; (2) that Singh Golen and Singh "own[], lease[], or operate[] a place of public accommodation" (3) that denied Fernandez public accommodation because of his disability; (4) that the Store "presents an architectural barrier prohibited under the ADA"; and (5) "removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007–08 (C.D. Cal. 2014) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

First, "disability" under the ADA is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). The ADA includes walking as a major life activity. *Id.* § 12102(2)(A). Here, Fernandez alleges that he is paralyzed from the waist down and uses a wheelchair for mobility. (Compl. ¶ 1.) Therefore, Fernandez establishes that he is disabled within the meaning of the ADA.

Second, the ADA specifically lists restaurants as public accommodations. 42 U.S.C. § 12181(7)(B). Consequently, owners of such public accommodations must comply with the ADA. *Id.* § 12182(a). Fernandez alleges that the Store is "a facility

open to the public, a place of public accommodation, and a business establishment." (Compl. ¶ 9.) Fernandez also alleges that Singh Golen and Singh own the real property where the Store is located. (Compl. ¶ 3.) Accepting these allegations as true, Fernandez has sufficiently alleged that Singh Golen and Singh own a place of public accommodation subject to Title III of the ADA.

As to the third and fourth factors, "a public accommodation shall maintain . . . facilities . . . that are required to be readily accessible to and usable by persons with disabilities." 28 C.F.R. § 36.211(a). Fernandez argues that Singh Golen and Singh "do not provide accessible paths of travel" to the public restroom in conformance with the ADA Standards." (Compl. ¶¶ 11–12.) Specifically, Fernandez argues "[t]he path of travel leading to the public restroom was impeded and blocked by arcade games," leaving only 24–25 inches of maneuvering clearance at the door. (Mot. 1, 6.)

"Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG')." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The relevant ADAAG standard states that, within a site, "[a]t least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site." 2010 ADAAG § 206.2.2. The minimum width of an accessible route must be at least 36 inches and sufficient maneuvering clearance must be provided at doors. *Id.* §§ 403.5.1, 404.2.4. For a door such as at issue here that pushes and is a side-approach from the hinge side, there must be 42 inches of space perpendicular to the doorway. *See id.* § 404.2.4.1.

Fernandez submits photographs depicting his inability to access the public restroom in his wheelchair. (Decl. of Antonio Fernandez ¶ 5, Ex. 4, ECF Nos. 23-4, 23-6.) He further submits a declaration from his investigator who found the path of travel to measure "between 24 and 25 inches at the final arcade game." (Mot. 2; Decl. of Zion Sapien ¶ 3, ECF No. 23-5.) Fernandez has sufficiently established that the path of travel and doorway to the Store's public restroom does not satisfy the requirement for an accessible route. Rather, the arcade games present an architectural barrier that

denied Fernandez a public accommodation because of his disability. Therefore, the third and fourth elements are satisfied.

Lastly, Fernandez alleges that removal of the barriers is readily achievable without much difficulty or expense. (Compl. ¶ 17.) In particular, Fernandez claims "the solution here is as simple as moving the arcade games out of the hallway." (Mot. 7.) Rearranging tables, chairs, vending machines, and other furniture is considered readily achievable. 28 C.F.R. § 36.304(b)(4); *see also Vogel*, 992 F. Supp. 2d at 1011. Therefore, the Court finds that the removal of the barrier—the arcade games—is readily achievable.

Accepting as true the well-pleaded factual allegations in the complaint and considering the evidence presented with the Motion, Fernandez has established a violation of the ADA in that the path to the Store's public restroom is not ADA-compliant. As such, the second and third *Eitel* factors favor default judgment.

### 4. Amount at Stake

The fourth *Eitel* factor balances the amount of money at stake with the "seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. Here, "[t]he enforcement provisions of Title III provide only for injunctive relief. Damages are not available to individuals." *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1136 (9th Cir. 2002); 42 U.S.C. § 12188(a). Since his Unruh claim was dismissed, Fernandez may seek only injunctive relief, i.e., to make the Store ADA-compliant. (*See* Mot. 3–7.) Consequently, the relief sought is proportionate to Defendants' conduct and is appropriate on default judgment. Therefore, this factor favors entry of default judgment.

### 5. Possibility of Dispute

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. As the allegations in Fernandez's Complaint are presumed true, Defendants' failure to appear in this action results in a finding that "no

factual disputes exist that would preclude entry of default judgment." *Vogel*, 992 F. Supp. 2d at 1013. Accordingly, this factor favors entry of default judgment.

### 6. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Fernandez served Singh Golen and Singh with the Complaint and Motion for Default Judgment. (Handy Decl. ¶¶ 5–6.) Accordingly, Singh Golen and Singh were on notice and failed to respond. No facts indicate that excusable neglect is present. Accordingly, this factor favors entry of default judgment.

### 7. Policy Favoring Decisions on the Merits

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Since Singh Golen and Singh failed to appear or otherwise respond, a determination on the merits is impossible. Accordingly, this factor does not preclude entry of default judgment.

On balance, the *Eitel* factors support entry of default judgment on Fernandez's ADA claim based on the architectural barrier in the Store's path of travel to the public restroom. As such, the Court **GRANTS** Fernandez's Motion for Default Judgment as to his ADA claim.

**C. Attorney's Fees and Costs**

As Fernandez's ADA claim is meritorious, he is the prevailing party and may recover attorneys' fees under 42 U.S.C. § 12205. Fernandez may also recover costs as provided in 29 U.S.C. § 1920, FRCP 54(d)(1) and Local Rule 54-2. In an application for default judgment, where attorneys' fees are sought pursuant to a statute, fees are generally calculated according to the schedule provided by the court. C.D. Cal. L.R. 55-3. Attorneys may request fees in excess of the schedule, as Fernandez's

8

attorneys have done. C.D. Cal. L.R. 55-3. When a party makes such a request, "the court is obliged to calculate a 'reasonable' fee in the usual manner [using the lodestar method], without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). The lodestar method multiplies the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts should exclude hours that are excessive, redundant, or not reasonably expended. *Id*. at 434. It is in the court's discretion to determine the reasonableness of the fees requested. *Id*. at 433. A court may consider a number of pertinent factors in determining the reasonableness of an attorneys' fees award. *Langer v. Butler*, No. SA CV 19-0829-DOC (JDEx), 2019 WL 6332167, at *8 (C.D. Cal. Aug. 27, 2019) (citing *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988) (listing twelve factors)).[3]

Fernandez's counsel consisted of Mark Potter, Russell Handy, and Phyl Grace. (Mot. 12.) Together, they request $3,873 in fees and $530 in costs. (Handy Decl. Ex 1 ("Billing Statement").) Fernandez seeks hourly rates of $595 for both Potter and Handy, and $550 for Grace. (Mot. 12–13; Handy Decl. ¶¶ 8–10; *see* Billing Statement.) The Court recognizes the ability and credentials of each attorney in their field. (*See* Handy Decl. ¶¶ 8–11.) However, other courts in this district recently found $425 to be a reasonable hourly rate in a similar case for the same attorneys present here. *See Arroyo v. Thrifty Payless, Inc.*, No. CV 19-7244-RSWL (SSx), 2020 WL 1068246, at *8 (C.D. Cal. Jan. 31, 2020) (granting default judgment motion on ADA claim but reducing attorney's hourly fees to $425); *see also Langer v. Anaya*, No. CV 19-01075-PA

---

[3] The factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Quesada*, 850 F.2d at 539 n.1

(SHKx), 2020 WL 687611, at *4 (C.D. Cal. Jan. 6, 2020) (same). Accordingly, the Court finds the requested rates of $595 and $550 excessive.

Moreover, Fernandez's attorneys have filed a number of actions using "carbon-copy complaints" and "entirely boilerplate" litigation. *Tate v. Deoca*, No. CV 14-08738-SJO (MRWx), 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018) (collecting cases and cautioning against awarding counsel a windfall for such copy-and-paste work). This case appears no different; for example, Fernandez's counsel billed nearly two hours for "amend[ing] the default judgment template with all components parts." (Billing Statement 3.) The Court recognizes the time necessary to prepare and file materials in this matter and to investigate and identify the proper defendants, but this litigation is not particularly complex or laborious, nor has it been at all litigious as Singh Golen and Singh failed to answer. Indeed, this matter has proceeded in a fairly straightforward manner over merely a few months. Finally, nothing indicates that Fernandez's attorneys have been precluded from accepting other employment due to the acceptance of this case.

In light of the redundancy of work, familiarity with Fernandez, expertise in the area of law, and the straightforward nature of the case involved for the extensively-trained attorneys, the Court finds the rates and hours set forth in the billing summary excessive. The Court accordingly reduces attorneys' fees by 50%, to $1936.50. *See Langer v. Butler*, 2019 WL 6332167, at *8 (reducing requested fees by 50% for reasons similar to the above); *see also Tate*, 2018 WL 5914220, at *8 (same).

Regarding costs, the Court accepts Attorney Handy's declaration that Fernandez incurred litigation expenses of $530. (Handy Decl. ¶ 7; Billing Statement 1.) Thus, the Court awards costs of $530.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Fernandez's Motion for Entry of Default Judgment as to his ADA claim. (ECF No. 23.) Singh Golen and Singh,

as owners of the property, shall make the path of travel to the public restroom ADA-compliant.  The Court awards $1936.50 in fees and $530 in costs.

**IT IS SO ORDERED.**

May 4, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**